*Sandra*

RECEIVED
APR 2 1 1999
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
APR 2 1 1999
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

RUFUS CLACKS, JR.

VERSUS

AMERICAN RELIABLE INSURANCE
COMPANY, JOHN WAYNE LOVETT
and JAMES A. CARTER

CV99-0721-M

DOCKET _____
JUDGE JAMES
MAGISTRATE JUDGE HAYES

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes **RUFUS CLACKS, JR.**, a competent major, domiciled in Morehouse Parish, Louisiana, respectfully representing:

### JURISDICTION

1.

Jurisdiction is provided to this Honorable Court pursuant to the provisions of 28 USC 1332 et seq.

2.

The domicile of Rufus Clacks, Jr. is that of Morehouse Parish, Louisiana.

3.

The domicile of John Wayne Lovett is that of Crossett, Ashley County, Arkansas.

4.

The domicile of James A. Carter is that of Crossett, Ashley County, Arkansas.

5.

American Reliable Insurance Company is a foreign insurer that issued a policy of automobile liability insurance insuring James A. Carter and the omnibus insured, John Wayne Lovett.



## VENUE

6.

This is a claim for personal injuries arising out of an automobile accident that occurred on February 4, 1999 in Morehouse Parish, Louisiana.

7.

The injuries in question arose in Morehouse Parish and, as a result, the United States District Court for the Western District of Louisiana would be a court of proper venue.

## CAUSE OF ACTION

8.

Complainant shows that on February 4, 1999, he was operating his 1988 Chevrolet automobile on East Madison Avenue in Bastrop, Louisiana in a westward direction.

9.

East Madison Avenue in the vicinity of the accident is a five lane highway with two travel lanes going east, two travel lanes going west and a center turning lane.

10.

Complainant was operating his vehicle on the inside lane of travel of the two westbound lanes of East Madison Avenue adjacent to the center turning lane.

11.

The defendant, John Wayne Lovett, was operating a 1989 Kenworth tractor-trailer on the outside lane of the two westbound lanes of travel of East Madison Avenue.

12.

The vehicles in question were approaching the intersection of East Madison Avenue and McCreight Street prior to the accident.

13.

That as John Wayne Lovett approached the intersection, he attempted to turn right onto McCreight Street and, in doing so, made a right wide turn causing long logs, which were being carried on the trailer to protrude over into the lane of travel being occupied by complainant.

14.

Prior to the turning procedure, both vehicles had been traveling very close to each other, and complainant had no warning whatsoever that the defendant, John Wayne Lovett, would be making a wide turn causing the logs he was carrying to protrude into complainant's lane of travel.

15.

That as a result of the wide turn, logs protruded several feet over into complainant's lane of travel and, in fact, did enter complainant's car striking complainant on the right side of his head causing him serious injuries.

16.

Complainant shows that at the time of the accident in question, John Wayne Lovett was operating the vehicle that belonged to James A. Carter with the consent and permission of James A. Carter and further, upon information and belief, at the time of the accident John Wayne Lovett was an employee of James A. Carter and, as such., James A. Carter is responsible to complainant under the theory of "respondeat superior".

17.

Complainant shows that the sole and proximate cause of the accident in question is one or more of the following acts of negligence of John Wayne Lovett, to-wit:

1) Improper turning;
2) Making a wide turn;
3) Failure to yield;
4) Crossing the centerline;
5) Failure to see what he should have seen;
6) Failure to do what he should have done under the circumstances;
7) Negligent injury;
8) Failure to maintain flags and other warning devices on the logs in question;
9) Failure to notice the imminence of an accident and take steps to avoid same; and
10) Reckless disregard for the safety of others

all in violation of the traffic ordinances of the City of Bastrop, Parish of Morehouse and State of Louisiana, which are incorporated herein as if copied in extenso.

18.

Complainants show and aver upon information and belief that the American Reliable Insurance Company did have in full force and effect on the date of the accident a policy of automobile liability insurance insuring James A. Carter and John Wayne Lovett for the negligent acts as set forth hereinabove.

19.

The American Reliable Insurance Company is indebted in solido with James A. Carter and John Wayne Lovett for the damages and injuries arising out of the accident in question.

DAMAGES

20.

Complainant shows that as a result of said accident, he did receive severe injuries to the right side of his head causing the need for surgery and the placement of plates in his skull.

21.

As a result of the injuries, complainant has suffered and will continue to suffer significant pain, scarring and disfigurement.

22.

Complainant itemizes his damages as follows:

1) Past physical pain and suffering;
2) Future physical pain and suffering;
3) Past medical expenses;
4) Future medical expenses;
5) Disability;
6) Scarring and disfigurement;
7) Mental anguish and emotional distress; and
8) Damage, depreciation and loss of use of vehicle

23.

Complainant shows and avers that the amount of damages he seeks far exceeds the amount of the statutory minimum for jurisdiction in the United States District Court, thereby entitling him to have these proceedings lodged in the United States District Court for the Western District of Louisiana.

## TRIAL BY JURY

24.

Complainant does hereby request and is entitled to a trial by jury on all issues.

**WHEREFORE**, complainant prays that the defendants be duly cited and served with a copy of this complaint and be made to appear and answer same and, that after all due proceedings and

delays are had, there be judgment herein in favor of complainant and against the defendants, in solido, in an amount of damages to be determined at the trial on the merits hereof, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings.

**FURTHER** prays for trial by jury.

        RESPECTFULLY SUBMITTED,

        TRAVIS M. HOLLEY
        ATTORNEY AND COUNSELOR AT LAW
        P.O. DRAWER 590
        1302 LEAVELL AVENUE
        BASTROP, LA 71221-0590
        (318) 281-1000

        COUNSEL FOR COMPLAINANT

        BY: _____
            TRAVIS M. HOLLEY
            BAR ROLL NO. 6954